IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LARRIANTE SUMBRY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV04-0621-S-BLW |
| | ) | |
| vs. | ) | **ORDER RE: CERTIFICATE** |
| | ) | **OF APPEALABILITY** |
| CECIL DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    This Court previously dismissed Petitioner's Petition for Writ of Habeas Corpus (Docket No. 9). Petitioner has since filed a Notice of Appeal, which is construed as a request for a certificate of appealability (Docket No. 12). Having considered the request, and the record in this case, the Court enters the following Order.

**I.**

**REQUEST FOR A CERTIFICATE OF APPEALABILITY**

    A habeas petitioner who has been denied relief cannot appeal unless he has first obtained a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when a court has dismissed a petition or claims within a petition

**ORDER RE: CERTIFICATE OF APPEALABILITY - 1**

on procedural grounds, the petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a district court has denied a petition on the merits, the petitioner must show that reasonable jurists would find the court's decision on the merits to be debatable. *Slack,* 529 U.S. at 484 (2000). The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

In this case, the Court concluded that Petitioner was attempting to challenge Indiana convictions and sentences that had no connection to Idaho. The Court allowed Petitioner an opportunity to respond to avoid dismissal. In his Response, Petitioner asserted that "venue in any district" is appropriate based on the law governing corporations, and that Indiana courts have failed to grant him relief. Petitioner's Response provided no grounds for jurisdiction in Idaho, and no grounds for a transfer of this case to the District of Indiana. Petitioner's case was dismissed without prejudice.

After reviewing the record, the Court concludes that these decisions are supported by law and are not reasonably debatable. As a result, the request for a COA will be denied. Petitioner is advised that he may request a COA from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

**ORDER RE: CERTIFICATE OF APPEALABILITY - 2**

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Notice of Appeal (Docket No. 12), which has been construed as a request for a certificate of appealability, is DENIED. The Clerk of Court is ordered to forward a copy of this Order and Petitioner's Notice of Appeal, together with the district court's case file, to the Ninth Circuit Court of Appeals.

DATED: **June 13, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court